IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,276-01






EX PARTE SHELDON AARON WARD









ON APPLICATION FOR WRIT OF HABEAS CORPUS

IN CAUSE NO. C-1-008112-0835934-A IN THE CRIMINAL 

DISTRICT COURT ONE OF TARRANT COUNTY





 Per curiam. 



O R D E R



 This is a post conviction application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 In May 2003, a jury found applicant guilty of the offense of capital murder. The jury
also answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071 in favor of the State, and the trial court, accordingly, set applicant's
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Ward v. State, No. AP-74,695 (Tex. Crim. App. delivered May 23, 2007) (not
designated for publication). Applicant filed this initial post-conviction application for writ
of habeas corpus in the convicting court on May 21, 2007, and the convicting court
forwarded the writ application to this Court with its findings and conclusions.

 This case is remanded to the convicting court to conduct a live evidentiary hearing
regarding applicant's ineffective assistance of counsel claim as related to counsel's alleged
failure to investigate brain damage. See Applicant's Writ Application at pp. 43-51; Trial
Courts Findings at pp.12-17. After conducting this hearing, the trial court shall enter any
findings of fact, including findings of fact addressing the credibility of the witnesses, and
conclusions of law that it deems relevant and appropriate to the disposition of applicant's
claim. Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas corpus
will be held in abeyance pending the trial court's compliance with this order. Within 120
days of the date of this order, the trial court shall resolve these issues and have the clerk
forward the record to this Court. (1) 

 IT IS SO ORDERED THIS THE 10TH DAY OF SEPTEMBER, 2008.

Do Not Publish
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.